UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID FRYE TRUSTEE, ) <br> INDIANA LABORERS WELFARE, PENSION, ) <br> TRAINING AND DEFINED CONTRIBUTION ) <br> TRUST FUNDS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BARBER CONSTRUCTION CO., ) <br> ) <br> Defendant. ) | No. 1:17-cv-01165-JMS-MJD |

## ORDER

Presently pending before the Court is an unopposed Motion for Default Judgment and for Permanent Injunction, [Filing No. 17], filed by Plaintiff David Frye, Trustee of the Indiana Laborers Welfare, Pension, Training and Defined Contribution Trust Funds (the "Trustee"). Pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), the Trustee asks this Court to: (1) enter default judgment in his favor and against Defendant Barber Construction Company ("Barber") in the amount of $11,021.32 in delinquent contributions, interest, and liquidated damages, [Filing No. 17 at 1]; (2) award him $2,305.00 in attorneys' fees, [Filing No. 17 at 1]; (3) order Barber to obtain a bond in an amount stipulated by the collective bargaining agreement, [Filing No. 17 at 1]; and (4) permanently enjoin Barber "from failing[,] neglecting, and refusing to make its required contributions" to the Trustee as they fall due, [Filing No. 1 at 4.] The Court will consider each request, in turn.

# I.
## DISCUSSION

### A. Default Judgment

Default is a "two-step process" that is "clearly outlined" in Rule 55(a) and 55(b) of the Federal Rules of Civil Procedure. *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). On June 8, 2017, after the time for answering the Trustee's Complaint had expired with no answer from Barber, the Court made an entry of default pursuant to Federal Rule of Civil Procedure 55(a). [Filing No. 8.] The Trustee now requests a default judgment pursuant to Federal Rule of Civil Procedure 55(b) in order to determine his rights against Barber. *VLM Food Trading*, 811 F.3d at 255 (stating that an entry of default "does not of itself determine rights" and that "[t]hat role is reserved for a default judgment") (citation and emphasis omitted).

Considering the Trustee's Motion for Default Judgment and supporting evidence, [Filing No. 17-1], the Court finds that a hearing is unnecessary and now GRANTS the Motion, [Filing No. 17]. The Court will enter default judgment pursuant to Federal Rule of Civil Procedure 55(b) in favor of the Trustee and against Barber in the amount of $11,021.32 in delinquent contributions, interest, and liquidated damages.

### B. Attorneys' Fees

In actions arising under ERISA to enforce delinquent contributions under a plan, a court shall award a fiduciary "reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g)(2)(D). Pursuant to the supporting evidence provided by the Trustee, [Filing No. 17-2], the Court finds that the requested attorneys' fees are reasonable and, therefore, GRANTS the Motion as it relates to attorneys' fees and awards the Trustee $2,305.00.

### C. Bond

In his Complaint, the Trustee alleges that Barber entered into collective bargaining agreements with the Laborers' International Union of North America, Indiana State District Council that required Barber to obtain and maintain a bond in an amount stipulated therein. [Filing No. 1 at 2]. In his supporting affidavit, Timothy Patrick, the Collections Manager of the Indiana Laborers Welfare, Pension, Training and Defined Contribution Trust Funds, alleged that Barber has not, consistent with the terms of the collective bargaining agreements, provided a bond issued by a surety approved by the U.S. Department of the Treasury in the sum of $15,000.00 in order to secure Barber's obligations to the Trustee. [Filing No. 17-1 at 2-3.]

A collective bargaining agreement that lends itself to only one reasonable interpretation is considered to be unambiguous. *Alexander v. City of Evansville, Indiana*, 120 F.3d 723, 727 (7th Cir. 1997) (citation omitted). Given the Trustee's Motion for Default Judgment and supporting evidence, [Filing No. 17-1], the Court GRANTS the Motion as it relates to the agreements' bond requirements and directs Barber to obtain and maintain a surety bond in accordance with the terms of the collective bargaining agreements.

### D. Permanent Injunction

ERISA provides that a civil action may be brought "by a participant, beneficiary, or fiduciary to enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan." 29 U.S.C. § 1132(a)(3)(A). As a general matter, a permanent injunction requires a showing of:

> (1) whether the plaintiff has succeeded on the merits; (2) whether the plaintiff will have an adequate remedy at law or will be irreparably harmed if the injunction does not issue; (3) whether the threatened injury to the plaintiff outweighs the threatened harm the injunction may inflict on the defendant; and

(4) whether the granting of the injunction will harm the public interest.

*Mantel v. Boren*, 2014 WL 5018830, at *2 (S.D. Ind. Oct. 6, 2014) (citing *Plummer v. Am. Inst. of Certified Pub. Accountants*, 97 F.3d 220, 229 (7th Cir. 1996) (quotation omitted)). In the context of a plaintiff attempting to show harm due to an ERISA violation, the Seventh Circuit has held that the "probability of irreparable harm is strong" given that the express purpose of the statute is to "ensure the protection of millions of employees covered by pension plans." *Gould v. Lambert Excavating, Inc.*, 870 F.2d 1214, 1221 (7th Cir. 1989) (quoting 29 U.S.C. § 1001(a) as follows: "Congress finds . . . that the continued well-being and security of millions of employees and their dependents are directly affected by these plans; that they are affected with a national public interest . . . .").

Having considered the supporting documentation in this case, the Court finds that the Trustee lacks an adequate remedy at law and is likely to suffer irreparable injury if Barber is not enjoined from failing and/or refusing to make timely contributions and payments as required by a collective bargaining agreement and ERISA. The Motion is therefore GRANTED as it relates to the Trustee's request for a permanent injunction and Barber will be PERMANENTLY ENJOINED as follows:

Defendant, its agents, servants, employees, and all persons in active counsel and in participation with it, are permanently enjoined from failing and/or refusing to make timely payment of monies due Plaintiff Funds on behalf of all of Defendant's employees for whom contributions are required under the aforementioned collective bargaining agreements, beginning with the contributions for the month of October, 2017. All future contributions will be paid on or before their due date on the basis specified in any collective bargaining agreement between the Laborers' International Union of North America, Indiana State District

Council, and the Defendant.

## II.
### CONCLUSION

For the reasons stated herein, the Trustee's Motion for Default Judgment and for Permanent Injunction [17] is GRANTED. Final judgment shall enter accordingly.

Date: 12/29/2017

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Electronic distribution to all counsel of record via ECF.

Distribution by US Mail:
Barber Construction Co.
c/o Jason Barber, Registered Agent
3114 N. Huber St.
Indianapolis, IN 46226